*SHARP vs. STEPHENS*

IT is not sufficient ground to reject a document of-fered in evidence, that it is composed of several frag-ments of paper, put up together.

A letter of the plaintiff, acknowledged that the contract sued on was simulated, is admissible evidence although it contains no evidence by which the paper alluded to in the letter, may be identified with that produced.

APPEAL from the court of the fourth dis-trict, the judge of the second presiding.

By an authentic act dated in August, 1822, the defendant and her then husband, Harris, ac-knowledged themselves indebted to the plaintiff in the sum of twelve thousand dollars, which was secured by mortgage upon a tract of land and certain slaves. After the death of Harris, his widow intermarried with Ste-phens, the defendant.

The petition prayed judgment for twelve thousand dollars, and that the mortgaged pro-perty be seized and sold.

The answer set forth that the act of mort-gage was false, and simulated, and entered into without any consideration.

In support of this plea, the defendant intro-duced the following certificate, signed by the plaintiff, and dated Sept. 1823.

"This will certify that the mortgage which I hold against Samuel Harris and Mariane Harris

his wife, for the sum of twelve thousand dollars, recorded in the office of the parish, judge of Iberville, and also, in the office of the parish judge of East Baton Rogue, is intended to keep his property in possession, and to prevent any seizure on said property, I moreover confess that the said Harris and his wife, do not owe me the sum mentioned in the mortgage. Therefore, this acknowledgement will put an end to the effect of the mortgage in my favor, in case of any accident."

The defendant also, gave in evidence, a letter of the plaintiff requesting the defendant to cancel or deliver up the certificate of 1823, as since its date he had become security for defendant for three thousand dollars.

To the introduction of both these documents the plaintiff objected. To the first on the ground, that it appeared on the face of it, to be composed of several fragments pasted together, and that there was no evidence of its delivery. To the second, on the ground that there was no evidence to identify the paper referred to in said letter, with the certificate of 1823, or if there was, that it destroyed its validity. The court overruled both these objections. There was judgment for the defendant, and the plaintiff appealed.

SHARP
*vs.*
STEPHENS

*Nicholls*, for the plaintiff.

*Gurley* and *Morgan*, for the defendant.

MARTIN J. delivered the opinion of the court. The plaintiff claims the sum of twelve thousand dollars, on an authentic act of the defendant and Harris, her then husband, by which they mortaged several slaves.

The defendant pleaded the simulation of the act, evidenced by a counter letter.

There was judgment for the defendants and the plaintiff appealed.

His counsel has drawn our attention to two bills of exceptions, the first taken to the opinion of the judge, who admitted the counter letter in evidence, notwithstanding the plaintiff's objection, on the ground that the paper appeared on its face to be composed of several fragments, put up together, which showed that it had been canceled, if it was ever delivered, of which there was no evidence.

The second bill of exceptions was taken to the opinion of the judge, who admitted in evidence a letter of the plaintiff to the defendant's husband, acknowledging the contract sued on to be simulated. The plaintiff's coun-

Eastern District. *March*, 1830.

SHARP
*vs.*
STEPHENS

sel urged that there was no evidence by which the paper alluded to in the letter was identified with that produced as a counter letter.

We think the district judge did not err. Both papers offered evidence from which the simulation might be inferred; if they were not conclusive evidence of it, they established that the contract was simulated, at the time it was entered into: after they were read they were liable to all the objections that were made to their introduction.

We have examined the case on its merits, and given to these objections the weight they are entitled to.

The first paper is shown to be genuine, this, therefore, establishes the simulation of the contract, at the time it was made, unless we conclude that a contract, which was once to be a simulated one, became, by the consent of the parties, a real one, and take the state in which the paper is presented, as evidence of their consent.

But the authentic act bears date of the 16th of August, and the counter letter of the 19th of September, 1823, and the second paper, which is a letter of the plaintiff,which speaks of a simulated contract, bears date of the 24th of June, 1824.

It is not sufficient ground to reject a document offered in evidence, that it is composed of several fragments of paper put up together A letter of the plaintiff acknowledging that the contract sued on was simulated, is admissible evidence, although it contain no evidence by which the paper alluded to in the letter may be identified with that produced.

Eastern District.
March, 1830.

SHARP
·vs
STEPHENS

We cannot therefore think the district judge erred, when having both these papers before him, he concluded that the contract sued on was a simulated one, at the time of its execution, and remained so, from its date to that of the counter letter, and when, in the following year, the plaintiff, alluding, in a *letter* to the defendant's husband to a simulated mortage, he referred to that sued on.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.